United States District Court
Southern District of Texas
**ENTERED**
November 04, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

Thomas Glenn Waldrep, §
§
      Plaintiff, §
§
versus §      Civil Action H-20-3457
§
Andrew Saul, §
§
      Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

   The question is whether substantial evidence supports the commissioner's decision that Thomas Waldrep is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

   Waldrep brought this action for judicial review of the commissioner's final decision to deny his disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

   Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

A. *Background.*

Waldrep is a 57-year-old man who says that he is disabled by: (a) lupus, (b) hypertension, (c) osteoarthritis, (d) diabetes mellitus, (e) asthma, (f) depression, (g) chronic obstructive pulmonary disease, (h) pituitary disorder, (i) obstructive sleep apnea, (j) fatty liver, (k) hyperlipidemia, (l) kidney disease, and (m) hiatal hernia. He says these cause him to have difficulty lifting, squatting, bending, standing, walking, sitting, kneeling, hearing, climbing stairs, completing tasks, and using his hands.

Hohnstein has a high-school education and has worked as a landscaper. When he applied for social security on January 21, 2018, he said that his disability had begun on February 2, 2016.

The hearing officer found that Waldrep's disability did not meet or equal a listed impairment. She decided that Waldrep could work in a number of positions, including laundry worker, grounds keeper, hospital dietary aid, and other gainful work in the national economy.

B.  *Application.*

The hearing officer properly found that Waldrep was not disabled. The process was correctly followed.

First, Waldrep has not been gainfully employed. Second, Waldrep has been impaired for more than two years. The hearing officer found that Waldrep's lupus, hypertension, osteoarthritis, and diabetes mellitus were severely impairing him. However, the hearing officer found the asthma, depression, COPD, pituitary disorder, OSA, fatty liver, hyperlipidema, kidney disease, and hiatal hernia were not severely impairing him because the record showed that they minimally impacted or limited his ability to work. Third, none of Waldrep's impairments met one listed. Fourth, the officer correctly determined that Waldrep would be able to perform medium work despite his physical condition. Fifth, the officer correctly considered the combined effects of his impairments and concluded that Waldrep could adjust to another type of work.

To determine if Waldrep was disabled, the officer considered all of the evidence from 2016 to 2019. The extent and impact of the impairments Waldrep complains of are inconsistent with the objective medical evidence and other evidence of record. He generally complained of a myriad of symptoms that made it difficult to do a variety of tasks. Waldrep concluded that he was unable to work, yet he still drove regularly, cooked his own food, walked outside regularly, handled his money, hosted events at his home, and was attentive and followed instructions. His doctors' records list many symptoms and isolated hospitalizations. However, the records from Waldrep's physicians are generally vague, unsupported, or evince targeted and effective care. Waldrep speculates that monthly doctors' visits would preclude employment with no explanation. There was enough evidence from Waldrep and his doctors to show that he is still capable of performing medium work to earn an income.

5.  *Conclusion.*

The commissioner's decision denying Thomas Waldrep's claim for disability insurance is supported by substantial evidence and will be affirmed. Thomas Waldrep will take nothing from Andrew Saul.

Signed on November 4, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge